[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15386
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00038-LGW-JEG


JAMES KURTZ,

Petitioner-Appellant,

versus

WARDEN, CALHOUN STATE PRISON,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 18, 2013)

Before DUBINA,WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant James Kurtz, a Georgia prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 2004

Georgia convictions for one count of child molestation, two counts of sexual assault against a person in custody, one count of aggravated child molestation, one count of statutory rape, and one count of cruelty to children.  In his § 2254 petition, he argued that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to present character witnesses at trial.

At a new trial hearing after Kurtz's criminal trial, Kurtz's trial counsel testified that he did not call any good character witnesses because he thought that the jury would assume Kurtz's character from Kurtz's profession and he wanted to preserve the final closing argument.  After the state trial court denied Kurtz a new trial and the Georgia Court of Appeals affirmed his convictions, Kurtz filed a state application for writ of habeas corpus, asserting trial counsel's ineffectiveness for failing to present a good character defense, and appellate counsel's ineffectiveness for failing to raise that issue on appeal.  In a deposition submitted at the state habeas court evidentiary hearing, Kurtz's appellate counsel testified that he decided not to raise the issue of trial counsel's failure to present good character evidence because he believed that trial counsel knew of potentially damaging rebuttal testimony and he did not want to give the state the opportunity to present that evidence.  The state habeas court denied Kurtz's application for habeas relief, crediting appellate counsel's testimony explaining his reason for not bringing the

2

ineffective-assistance-of-trial-counsel claim on appeal over trial counsel's explanation.

In the federal habeas proceeding, a magistrate judge recommended the denial of Kurtz's § 2254 petition, finding that the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The district court, however, determined that the state habeas court made an unreasonable determination of fact, under § 2254(d)(2), in finding that appellate counsel decided not to raise trial counsel's ineffectiveness on appeal because he thought that trial counsel knew of potentially damaging character evidence. The district court, therefore, reviewed the state habeas court's decision *de novo*, but concluded that Kurtz failed to show a reasonable probability that the outcome of the appeal would have been different if appellate counsel had raised trial counsel's ineffective assistance on appeal.

We granted a certificate of appealability on a single issue:

> Whether the district court erred in finding that Kurtz's appellate counsel was not ineffective in failing to raise trial counsel's alleged ineffective assistance in not presenting character witnesses at trial.

We also directed the parties to discuss the effect, if any, of the deference standard under 28 U.S.C. § 2254(d).

On appeal, Kurtz argues that the district court erred in denying his § 2254 petition because appellate counsel's reason for failing to raise the ineffectiveness

3

of trial counsel was demonstrably false, thus showing his deficient performance. He further contends that the deficient performance prejudiced him because his trial was essentially a credibility dispute between himself and the victim, so there is a reasonable probability that evidence of Kurtz's good character would have changed the outcome of the trial. After reviewing the record and reading the parties' briefs, we affirm.

When reviewing the district court's denial of a § 2254 petition, we review "questions of law and mixed questions of law and fact, including ineffective assistance of counsel claims, *de novo*, and review findings of fact for clear error." *Pardo v. Sec'y, Fla. Dep't of Corrs.*, 587 F.3d 1093, 1098 (11th Cir. 2009). However, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a "highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, __, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks omitted). Thus, we review the district court's decision *de novo*, but review the state habeas court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corrs.*, 593 F.3d 1217, 1239 (11th Cir. 2010).

A federal court may not grant a writ of habeas corpus for a state prisoner where the claim was adjudicated on the merits by a state court unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).  The Supreme Court decision applicable in an ineffective-assistance case is *Strickland*.  *See Premo v. Moore*, 562 U.S. __, __, 131 S. Ct. 733, 739 (2011).  "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."  *Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 788 (2011) (internal quotation marks omitted).  "A certain amount of deference is always given to a trial court's credibility determinations," and a credibility determination in a case on habeas review receives heightened deference.  *Gore v. Sec'y for Dep't of Corrs.*, 492 F.3d 1273, 1300 (11th Cir. 2007).

The Supreme Court has held that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 849 (2010).  A habeas court cannot supersede the trial court's

5

determination "even if [r]easonable minds reviewing the record might disagree about the finding in question." *Id.* (internal quotation marks omitted) (alteration in original).

Under § 2254(e)(1), a state court's factual determinations are presumed correct unless the petitioner can rebut that presumption by clear and convincing evidence. *Id.* § 2254(e)(1). The Supreme Court has stated that § 2254(d)(2) and (e)(1) have independent requirements, and that "AEDPA does not require petitioner to prove that a decision is objectively unreasonable by clear and convincing evidence." *Miller-El v. Cockrell*, 537 U.S. 322, 341, 123 S. Ct. 1029, 1042 (2003). We have indicated that, if a petitioner establishes that the state court made an unreasonable factual determination based on the evidence presented in the state habeas proceeding, we are "not bound to defer to unreasonably-found facts or to the legal conclusions that flow from them" and may review the claim *de novo*, without deference to the state court's decision. *Jones v. Walker*, 540 F.3d 1277, 1288 & n.5 (11th Cir. 2008) (*en banc*).

To succeed on an ineffective-assistance claim under *Strickland*, a petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Under § 2254(d), "the question is not whether counsel's actions were reasonable [but] whether there is any reasonable argument that counsel satisfied

6

*Strickland*'s deferential standard." *Harrington*, 562 U.S. at __, 131 S.Ct. at 788. "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009). "In order to establish prejudice, we must first review the merits of the omitted claim." *Id.* at 1264-65. If the defendant makes an insufficient showing on the prejudice prong, we need not address the performance prong, and *vice versa*. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

With respect to the deficient-performance prong, "a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." *Cummings v. Sec'y for Dep't of Corrs.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (internal quotation marks omitted). A district court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. A fair assessment of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. In assessing an appellate attorney's performance, we are "mindful that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Rather, an

7

effective attorney will weed out weaker arguments, even though they may have merit." *Philmore*, 575 F.3d at 1264 (internal quotation marks omitted).

With regard to the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," but "some conceivable effect on the outcome of the proceeding" is not a reasonable probability. *Id.* at 693-94, 104 S.Ct. at 2067-68. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2068-69. Appellate counsel's performance will be deemed prejudicial if we find that "the neglected claim would have a reasonable probability of success on appeal." *Philmore*, 575 F.3d at 1265 (internal quotation marks omitted). Where a claim of ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because "often allegations of what a witness would have testified to are largely speculative." *Sullivan v. DeLoach*, 459 F.3d 1097, 1109 (11th Cir. 2006) (internal quotation marks omitted).

Although the district court erred in concluding that the state habeas court made an unreasonable determination of the facts and, therefore, used the wrong

standard of review, the district court correctly determined that Kurtz failed to establish that he was prejudiced by his appellate counsel's failure to raise the issue of ineffective assistance of trial counsel on appeal.  Accordingly, we affirm the judgment denying federal habeas relief.

**AFFIRMED.**